FILED
2026 Sep-29 PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **VIDAL DEWAYNE MELTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 7:25-cv-1566-AMM** |
| | ) | |
| **SOCIAL SECURITY ADMINISTRATION, Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM OPINION

On April 27, 2026, the magistrate judge entered a report recommending the court affirm the decision of the Social Security Administration denying Social Security benefits to Vidal Dewayne Melton. Doc. 14.

Although both parties were invited to file objections to the report and recommendation, the Commissioner did not do so. *See id.* at 60–61. On May 11, 2026, Mr. Melton filed objections to the report and recommendation. Doc. 17. In his objections, "Mr. Melton objects to the [report and recommendation] to the extent it finds that the ALJ . . . properly evaluated the medical opinion evidence." *Id.* at 1. Mr. Melton did not object to the report and recommendation's determination that "the ALJ constructively reopened [Mr. Melton's] prior claim for benefits." *Id.*

After a *de novo* review of the entire record in this case, including the report and recommendation, the objections, and the entire administrative and medical record, the court **SUSTAINS** Mr. Melton's objections regarding the ALJ's evaluation of the medical opinion evidence. For the following reasons, the court **REJECTS** the magistrate judge's report and recommendation and finds that the decision of the Commissioner should be **REVERSED** and **REMANDED** on this issue.

As a preliminary matter, the magistrate judge found that "the ALJ constructively reopened his prior claims for benefits, thereby warranting application of the pre-2017 regulatory standard for evaluating treating physician opinions." Doc. 14 at 9. In making this determination, the magistrate judge noted that "the Commissioner never directly addresses Melton's argument that the ALJ constructively reopened his 2016 applications." *Id.* at 11 n.2; *see also* Doc. 12 at 6. Neither the Commissioner nor Mr. Melton objected to this portion of the report and recommendation. *See* Doc. 17 at 1.

After finding that "the ALJ constructively reopened Melton's prior applications, including an application filed November 21, 2016, alleging a disability onset date of June 1, 2016," the report and recommendation reasoned that "the ALJ should have applied a now-expired regulatory framework for considering physician opinions." Doc. 14 at 14. Under that framework, the ALJ must articulate the weight

given to different medical opinions in the record and the reasons therefore. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The weight afforded to a medical opinion regarding the nature and severity of a claimant's impairments depends upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support the opinion, whether the opinion is consistent with the record as a whole, and the specialty of the medical source. *See* 20 C.F.R. § 404.1527(c).

Based on a review of the ALJ's decision, R. 17–43, the court finds that the ALJ was unclear in his discussion of the applicable regulatory framework for the medical opinion evidence. In many instances, it appears the ALJ applied the new regulatory framework regarding medical opinion evidence. *See* R. 17 (stating that as part of remand the ALJ was to "evaluate the opinions from Dr. Ryser, pursuant to 20 CFR 404.1520c," which is the regulatory standard for claims filed on or after March 27, 2017); R. 26 ("I also considered the medical opinions and prior administrative medical findings in accordance with the requirements of 20 CFR 404.1520c."); R. 37 ("I fully considered the medical opinions and prior administrative medical findings in this claim in accordance with 20 CFR 404.1520(c) and 416.920(c) . . . ."); R. 38 (finding Dr. Neville's examining consultative evaluation "moderately persuasive"); R. 38 (finding Dr. Potts's treating source statements "mildly persuasive"); R. 39 (finding Dr. King's treating source

opinion "mildly persuasive"); R. 39–40 (finding Dr. Ryser's evaluation "not persuasive" and "not consistent with or supported by the available evidence"); R. 40 (finding Dr. Wellman's state agency opinion "moderately persuasive" because "[i]t is supported by and consistent with the evidence available" in 2016); R. 40 (finding Dr. Bare's administrative findings "not wholly persuasive" because "limitations are not supported by or consistent with the evidence of record, including evidence that was not available or did not exist at the time of the 2016 evaluation"); R. 40 (finding Dr. Reddy's opinion "not persuasive"). However, when discussing Dr. Potts's treating source statements, the ALJ referenced both the old regulatory framework and the current regulations when he stated that "[u]nder current regulations an opinion from a claimant's treating source is entitled to some deference unless 'good cause' is shown to the contrary." R. 38. The ALJ went on to explain the "good cause" standard. R. 38. Despite this singular reference to the good cause standard, the court agrees with Mr. Melton's objection that the ALJ "evaluated the medical opinions for 'persuasiveness' . . . rather than assigning them 'weight' as required under the binding Regulations that apply with reopening." Doc. 17 at 2.

Because of the ALJ's lack of clarity, the magistrate judge analyzed the ALJ's decision "under either regulatory standard." Doc. 14 at 18–52. However, under the old regulatory standard, how much weight to give medical opinion evidence is reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(c).

Because Mr. Melton's medical opinion evidence should be considered by an ALJ under the proper legal standards for evaluating medical opinion evidence based on the constructive reopening of his previous applications, this case should be **REVERSED** and **REMANDED** to the Commissioner for action consistent with this memorandum opinion. The court will enter a separate final order.

**DONE** and **ORDERED** this 29th day of September, 2026.

**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE